UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SURCOREY D. ODUMS #605951                     CIVIL ACTION NO. 20-0391

VERSUS                                                        JUDGE S. MAURICE HICKS, JR.

DARREL VANNOY                                          MAGISTRATE JUDGE HORNSBY

### MEMORANDUM ORDER

Before the Court is a Motion for Reconsideration (Record Document 20) filed by Petitioner Surcorey D. Odums ("Petitioner"). Petitioner asks the Court to reconsider its March 8, 2023 Amended Judgment (Record Document 19) adopting the Report and Recommendation of the Magistrate Judge; denying the petition of writ of habeas corpus; and denying a certificate of appealability. For the following reasons, the Motion for Reconsideration is **DENIED**.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration per se; however, the Fifth Circuit has recognized that such motions may challenge a judgment or order under Rules 54(b), 59(e), or 60(b). See, e.g., Southern Snow Mfg. Co., v. SnoWizard Holdings, Inc., 921 F. Supp. 2d 548, 564 (E.D. La. Jan. 31, 2013). When the motion for reconsideration concerns a final judgment, as in the current case, Rules 59 and 60 apply. The timing of the motion affects the standard to be applied to the motion. If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. See Duplechain v. Neustrom, No. CV 6:15-2433, 2019 WL 1598155, at *2 (W.D. La. Apr. 15, 2019) (citing Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004)). Here, Petitioner filed his Motion for Reconsideration within the twenty-

eight-day period required for a Rule 59(e) motion. Accordingly, the Court will construe the motion as one under Rule 59(e) of the Federal Rules of Civil Procedure.

Generally, a motion to alter or amend a judgment under Rule 59(e) may be granted for the following grounds: "(1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. Oct. 10, 2001). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). In fact, the Fifth Circuit has noted that the standards for Rule 59(e) "favor the denial" of such motions. See Southern Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993). "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." Southern Snow Mfg. Co., 921 F. Supp. 2d at 566.

In the Motion for Reconsideration, Petitioner argues this Court disregarded case law and he seeks review of this Court's denial of his habeas petition and certificate of appealability. After reviewing the arguments and evidence cited by Petitioner, as well as the record in this case, the Court finds that no independent reason exists for reconsideration other than Petitioner's disagreement with the Court's ruling. This case simply does not warrant the disfavored, extraordinary remedy of reconsideration.

Accordingly,

The Court finds that Petitioner has not made the requisite showing, and thus, the Motion for Reconsideration (Record Document 20) is **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 21st day of April, 2023.

_____
United States District Judge